**ROBERT M. BEECHER**
ATTORNEY AND COUNSELOR AT LAW
15 BARBERRY LANE
NEW PROVIDENCE, NJ 07974
1-(908)-771-0095

VOICE (24 HOURS) AND FAX                    EMAIL: BEECHBOB@COMCAST.NET
1-(908)-771-0095                                          CELL: 1-(908)-347-4185

ADMITTED: NEW YORK, PENNSYLVANIA,
UNITED STATES DISTRICT COURTS FOR THE SOUTHERN AND
EASTERN DISTRICTS OF NEW YORK AND NORTHERN DISTRICT OF ILLINOIS,
UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT,
UNITED STATES TAX COURT, CERTIFIED FRAUD EXAMINER

Hon. George B. Daniels

United States District Court

Southern District of New York

500 Pearl Street, Room 520

New York, NY 10007

May 23, 2023

RE: _United States v._ KADEEM _DEAN_
21 Cr. 09 (GBD)

Dear Judge Daniels,

As you know, my client, KADEEM DEAN, will be coming before the Court on Thursday, June 8, 2023 at 10:00 A.M. for sentencing pursuant to his plea of guilty in connection with the above-referenced information.[1]

This letter is submitted on Mr. DEAN'S behalf, pursuant to the Federal Rules of Criminal Procedure, Rule 32.1(g), and addresses those issues we believe are relevant and important to assisting Your Honor in fashioning an appropriate sentence which serves the interests of justice and accommodates the sentencing purposes set forth in Title 18

---

1.        On February 15, 2022 Mr. DEAN, having previously waived prosecution by indictment, pled guilty before Your Honor under the terms of a plea agreement to Conspiracy to Commit Hobbs Act Robbery, 18 U.S.C. § 371. Mr. DEAN also executed a consent order of forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28 United States Code, Section 2461(c), a sum of money equal to $2,672.62 in United States currency, representing proceeds traceable to the commission of the offense charged in Count One of the Information;

*May 23, 2023*
*United States v. KADEEM DEAN*
*21 Cr. 09 (GBD)*

United States Code § 3553(a) in accord with *United States v. Booker,* and *United States v. Fanfan,* 543 U.S. 220, 160 L.Ed.2d 621, 125 S.Ct. 738 (U.S. Sup. Ct. 2005).

In addition, pursuant to U.S.S.G. § 6A1.3, p.s. and Rule 32(a)(1), Fed.R.Crim.P., it addresses certain objections — there are no substantive objections — regarding the PRESENTENCE INVESTIGATION REPORT as well as the REVISIONS included in THE PRESENTENCE REPORT — prepared by the United States Department of Probation (U.S. Probation Officer Stephanie M. McMahon) dated June 23, 2022), in order to assist the Court in determining the appropriate sentence under the provisions of the Sentencing Reform Act of 1984 and the Guidelines issued under it by the United States Sentencing Commission pursuant to Title 28 United States Code §994(a). For the purpose of this letter the Presentence Investigation Report will be referred to as the Report.

## SUMMARY OF OBJECTIONS AND DEPARTURE REQUESTS

The following specific objections to the Report will be amplified below:

Mr. DEAN has had an opportunity to review, at length, the entire Report and the Revisions with the undersigned and, there are no substantive objections to the Report.

The probation officer has not identified any factors that would warrant a departure from the applicable sentencing guideline range, and neither have we. Consequently, there are no departure requests. However, it should be noted that the Report suggests a downward variance from the prescribed advisory guidelines range.

As such and taking all factors into consideration, we maintain that a sentence of 24 months' imprisonment, a variance from the prescribed advisory guidelines range, is sufficient and not greater than necessary, pursuant to the factors outlined in 18 USC 3553(a), and will serve to promote respect for the law and adequately satisfy the sentencing objectives of

*May 23, 2023*
*United States v. KADEEM DEAN*
*21 Cr. 09 (GBD)*

punishment and deterrence. <u>Report</u> **SENTENCING RECCOMMENDA-TION** at <u>pgs.</u> <u>21-22</u>. And <u>see</u> **SENTENCING CONSIDERATIONS** *infra.*

## BACKGROUND

As indicated above, and discussed below, there are no objections to the factual information in the Report pertaining to the defendant's basic biographical information, the case chronology, and the factual background set forth in the <u>Report</u> **Parts A, B, and C,** through <u>paragraph</u> <u>71</u>. In the interest of brevity, they are incorporated by reference herein.

## SENTENCING CONSIDERATIONS

The landscape of federal sentencing has been dramatically changed by the Supreme Court's decision *in United States v. Booker,* and *United States v. Fanfan,* 543 U.S. 220, 125 S.Ct. 738 (2005), which held that the mandatory nature of the United States Sentencing Guidelines violated the Sixth Amendment. Recently the Court clarified and explained in detail the mechanics of *Booker's* remedial ruling in two cases: *Gall v. United States,* 552 U.S. 586, 128 S. Ct. 586 (2007); and *Kimbrough v. United States,* 552 U.S. 558, 128 S. Ct. 558 (2007). District court sentencing judges are to consider the Guidelines as advisory and in tandem with the purposes of criminal sentencing as set forth in 18 U.S.C. § 3553(a):

The court shall impose a sentence sufficient, but not greater than necessary to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider —

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed —

*May 23, 2023*
*United States v. KADEEM DEAN*
*21 Cr. 09 (GBD)*

      (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

      (B) to afford adequate deterrence to criminal conduct;

      (C) to protect the public from further crimes of the defendant;
and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

      (3) the kinds of sentences available;

      (4) the kinds of sentence and the sentencing range established for — (A) the applicable category of offense committed by the applicable category of defendant as set forth in the Guidelines...;

      (5) any pertinent policy statement —

      (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statements by act of Congress...

      (6) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and

      (7) the need to provide restitution to any victims of the offense.

As Justice Stevens noted in *Rita v. United States,* 551 U. S. 338, 127 S.Ct. 2456 (2007) "...*Booker's* standard of review allows, indeed, requires district judges to consider all of the factors listed in § 3553(a) and to apply them to the individual defendants before them."

It is interesting to note that some years ago, Judge Marvin E. Frankel of the United States District Court for the Southern District of New York, summarized the principal purposes served by criminal sentences, as enunciated by the courts:

*Retribution*, the exaction of payment — "an eye for an eye."

*May 23, 2023*
*United States v. KADEEM DEAN*
*21 Cr. 09 (GBD)*

*Deterrence*, which may be "general" (i.e., discouraging others than the defendant from committing the wrong), "special" (discouraging the specific defendant from doing it again), or both.

*Denunciation,* or condemnation, as a symbol of distinctively criminal "guilt," as an affirmation and re-enforcement of moral standards, and as reassurance to the law abiding.

*Incapacitation, during the period of confinement*. Rehabilitation or Reformation of the offender. [Frankel, Criminal Sentences: Law Without Order, 106 (1973)]

This summary of sentencing objectives was closely mirrored eleven years later by Section 3553 and the Sentencing Reform Act of 1984 (Title II of the Comprehensive Crime Control Act of 1984) which provided for the development of Guidelines that further the basic purposes of criminal punishment: deterrence, incapacitation, just punishment, and rehabilitation. U.S.S.G. Ch.1, Part A, 2, The Statutory Mission.

Finally, and not to belabor the point, the Supreme Court's opinion in *Pepper v. United States,* 562 U. S. 476; 179 L.Ed.2d 196; 131 S.Ct. 1229 (2011) has resolved any doubt whatsoever regarding a district judges discretionary sentencing authority:

"It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Koon v. United States,* 518 U. S. 81, 113 (1996). Underlying this tradition is the principle that "the punishment should fit the offender and not merely the crime." *Williams*, 337 U. S., at 247; <u>See</u> <u>also</u> *Pennsylvania ex rel. Sullivan v. Ashe*, 302 U. S. 51, 55 (1937) ("For the determination of sentences, justice generally requires consideration of more than the particular acts by which the crime was commit-

*May 23, 2023*
*United States v. KADEEM DEAN*
*21 Cr. 09 (GBD)*

ted and that there be taken into account the circumstances of the offense together with the character and propensities of the offender").

Consistent with this principle, we have observed that "both before and since the American colonies became a nation, courts in this country and in England practiced a policy under which a sentencing judge could exercise a wide discretion in the sources and types of evidence used to assist him in determining the kind and extent of punishment to be imposed within limits fixed by law." *Williams*, 337 U. S., at 246. In particular, we have emphasized that "[h]ighly relevant — if not essential — to [the] selection of an appropriate sentence is the possession of the fullest information possible concerning the defendant's life and characteristics." Id., at 247. Permitting sentencing courts to consider the widest possible breadth of information about a defendant "ensures that the punishment will suit not merely the offense but the individual defendant." [emphasis added] *Wasman v. United States,* 468 U. S. 559, 564 (1984). *Pepper v. United States*, Id. (slip op., at 10).

As referenced below, Mr. DEAN's post-arrest conduct as a dedicated, supportive father who impressively started his own truck delivery business, (as the owner and operator of "Lu Legendary Trucking, LLC," based out of his home in Bayonne, NJ (Tax Identification #86-2365552). The business hauls general freight, cars and metal machinery throughout the tri state area and Pennsylvania, further informs Your Honor's sentencing considerations. As has been emphasized repeatedly, evidence of post-arrest rehabilitation may plainly be relevant to "the history and characteristics of the defendant." § 3553(a)(1).

Such evidence may also be pertinent to "the need for the sentence imposed" to serve the general purposes of sentencing set forth in § 3553(a)(2) — in particular, to "afford adequate deterrence to criminal conduct," "protect the public from further crimes of the defendant," and "provide the defendant with needed educational or vocational training...or other correctional treatment in the most effective manner."

*May 23, 2023*
*United States v. KADEEM DEAN*
*21 Cr. 09 (GBD)*

§§ 3553(a)(2)(B)–(D); U. S. C. § 3553(a)(2)(B)(C) & (D), and *See* e.g. *U.S. v. Preacely*, 628 F.3d 72 (2nd Cir. 2010); *U.S. v. Hernandez*, 604 F.3d 48 (2nd Cir. 2010).

There would seem to be no better evidence than Mr. DEAN's post-arrest conduct than his yeoman-like effort to continue supporting his daughter Kailee and his self-started, industrious work history in a difficult and stressful business, which will also critically inform a Your Honor's overarching duty under § 3553(a) to "impose a sentence sufficient, but not greater than necessary" to comply with the sentencing purposes set forth in § 3553(a)(2).

Mr. DEAN does not wish to ignore or minimize some of the difficulties he has encountered while on pre-trial supervision. Your Honor is well aware of these transgressions. It cannot be overlooked that his pleas before Your Honor and Judge Kness in the Northern District of Illinois, (entered on February 8, 2023), and the certainty of a period of incarceration have created extraordinary stressors and emotional turmoil. It is fair to say that this combination of factors has contributed to Mr. DEAN's lapses in judgment and those transgressions surely ought to be mitigated with understanding.

Consistent with our important tradition of offering up second chances, it is respectfully submitted that, given all other factors, Your Honor follow the sentencing recommendation of Probation Officer Stephanie McMahon and impose the 24 months' imprisonment, a variance from the prescribed advisory guidelines range, which we believe is sufficient and not greater than necessary, pursuant to the factors outlined in 18 USC § 3553(a), and will serve to promote respect for the law and adequately satisfy the sentencing objectives of punishment and deterrence. *Supra.*

## THE STATUTORY [(18 U.S.C. § 3553(a)] FACTORS AS THEY RELATE TO MR. DEAN

Page 8 of 13

*May 23, 2023*
*United States v. KADEEM DEAN*
*21 Cr. 09 (GBD)*

(1)    The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant

As noted earlier, the <u>Report</u> sets forth in detail the nature and circumstances of the instant offense and the narrative is accepted without objection and incorporated by reference herein. Mr. DEAN thoroughly understands the seriousness of the offense to which entered his guilty plea and his responsibility for participation. He has never sought to minimize or understate his involvement.

The Report's **PART C. OFFENDER CHARACTERISTICS** <u>paragraphs</u> <u>43</u> through <u>71</u>, details Mr. DEAN's excellent relationship with his daughter Kailee as well as Kailee's mother, Natasha Cruz. And of course, his supportive mother, Nesta Powell. It is anticipated that his mother, Ms. Powell as well as his live-in companion, Shanique Stainrod, will be in Your Honor's courtroom to demonstrate their unflagging support for Kadeem.

(2) The Need for the Sentence Imposed

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

As noted above, Mr. DEAN does not shrink from the responsibility he owes regarding the instant offense. He makes no excuses and has at all times since his arrest worked steadfastly to provide hope for himself and his family.

It is not disputed that punishment plays an important role in deterring crime, however, the nature of that relationship is not so readily apparent. There is a significant down-

*May 23, 2023*
*United States v. KADEEM DEAN*
*21 Cr. 09 (GBD)*

side to what has been called the American experiment in mass incarceration. And while prisoners are obviously not committing crime in their communities while they are incarcerated, they are also not functioning as parents, workers, consumers, or neighbors. *United States v. Haynes*, 06 Cr. 10328, Dist. Mass. Gertner, D.J. June 3, 2008 Sent. Memo at 13, citing the scholar Jeremy Travis's analysis in But They All Come Back, 119 (2005) that there were approximately 1.5 million children in the U.S. who had a parent in prison.

In considering the need to protect the public from future crimes of Mr. DEAN. He stands before Your Honor appropriately chastened, humiliated and remorseful. In view of the continued support of his loyal family as mentioned above, a sentence of 24 months would satisfy these § 3553(a) statutory factors.

(3) The Kinds of Sentences Available

Mr. DEAN is well aware that Your Honor will impose a period of incarceration. As you are aware, On May 3d, Mr. DEAN was sentenced in the Northern District of Illinois to 60 months incarceration on the Wire Fraud, 18 USC §1343, count and 24 months on the Aggravated Identity 18 USC §1028A Theft count to run consecutive, as required by statute, to the 60 months for a total of 84 months. Judge Kness imposed 3 years supervision on the Wire Fraud count with one year supervision to run concurrently on the Aggravated Identity Theft count; a $1,000.00 fine and $200.00 special assessment.

Judge Kness did credit KADEEM regarding his work ethic and strong family support in imposing the 60 months sentence on the Wire Fraud count, several months less than the 63-78 months advisory guidelines range.

In addition, regarding $442.00 USC and certain other tangible property, Judge Kness entered a Preliminary Order Of Forfeiture And Abandonment pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c),

*May 23, 2023*
*United States v. KADEEM DEAN*
*21 Cr. 09 (GBD)*

and by Fed. R. Crim. P. 32.2; Title 28, United States Code, Section, 1651 and Title 41, Code of Federal Regulations, Section 128-48.1.

As in the case before Your Honor, Mr. DEAN had previously consented to the forfeiture and abandonment in the negotiated Plea Agreement.

Mr. DEAN resolved the case in Queens County by pleading guilty on April 28th to Robbery in the Second Degree, Superior Court Information #71265-23. On June 5th, he will be sentenced to 3.5 years to run concurrently with the NDIL sentence imposed on May 3d.

## MR. DEAN REQUESTS THAT YOUR HONOR'S SENTENCE RUN CONCURRENTLY WITH THE SENTENCE IMPOSED BY JUDGE KNESS.

It is respectfully requested that the sentence imposed by Your Honor run concurrently with that sentence. Mr. DEAN understands that the decision as to whether or not to run Your Honor's sentence is entirely within the Court's discretion. See *U.S. v. Padilla*, 618 F.3d 643, 647 (7th Cir. 2010).

18 U.S.C. § 3584. Multiple sentences of imprisonment:
(b) Factors To Be Considered in Imposing Concurrent or Consecutive Terms. — The court, in determining whether the terms imposed are to be ordered to run concurrently or consecutively, shall consider, as to each offense for which a term of imprisonment is being imposed, the factors set forth in section 3553(a).
(c) Treatment of Multiple Sentence as an Aggregate. — Multiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment.

The Guidelines provide that, when a defendant is already serving an undischarged term of imprisonment, "the sentence for the instant offense may be imposed to run

*May 23, 2023*
*United States v. KADEEM DEAN*
*21 Cr. 09 (GBD)*

concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." U.S.S.G. § 5G1.3(c). That guideline "generally vests broad discretion in the sentencing court," *United States v. Maria,* 186 F.3d 65, 71 (2d Cir.1999), and instructs district courts to consider a range of factors in deciding whether a sentence should run concurrently or consecutively to an existing sentence, including the 18 U.S.C. § 3553(a) factors, and "any other circumstance relevant to the determination of an appropriate sentence," U.S.S.G. § 5G1.3 app. n. 3. Use *United States v. McCormick,* 58 F.3d 874, 878 (2d Cir.1995) (noting that the court should "consider the basic principle that a consecutive sentence should be imposed to the extent that it will result in a reasonable incremental penalty") (internal quotation marks omitted). "A district court's sentencing decisions under § 5G1.3(c) will not be overturned absent an abuse of discretion." *United States v. Matera,* 489 F.3d 115, 124 (2d Cir.2007) (brackets and internal quotation marks omitted). *United States v. Rodriguez*, 715 F.3d 451, (2d Cir. 2013)

The problem of concurrent or consecutive sentences is a vexing one in any guideline system that attempts to recommended sentences for various offenses that are tied primarily to the seriousness of the offense conduct. As the United States Sentencing Guidelines have recognized from the outset, "[t]he difficulty is that when a defendant engages in conduct that causes several harms, each additional harm, even if it increases the extent to which punishment is warranted, does not necessarily warrant a proportionate increase in punishment." U.S.S.G. ch. 1, pt. A, introductory cmt. 4(e). *United States v. Rodriguez*, 715 F.3d 451, 452 (2d Cir. 2013)

We respectfully suggest that the correct conclusion in Mr. DEAN's circumstances, having already been sentenced to a not insubstantial 84 months imprisonment by Judge Kness in Chicago, is that Your Honor impose a term of imprisonment to run concurrently with that sentence.

Page 12 of 13

*May 23, 2023*
*United States v. KADEEM DEAN*
*21 Cr. 09 (GBD)*

Regarding Mr. DEAN's **Financial Condition: Ability to Pay** as contained in para-graphs 68-71 the Report pg. 28 concludes that although the Mr. DEAN has the ability to pay a fine, in light of the restitution and forfeiture orders which will serve to disgorge him of the ill-gotten gains derived from the offense, we do not believe that imposition of an additional fine is necessary. As such, we recommend that the fine in this case be waived. The factors in 18 USC § 3572 were considered in formulating this recommendation.

It is therefore requested that the Court make findings in accord with the facts set forth in the Report and waive the imposition of any fine. *United States v. Corace,* 146 F.3d 51, (2d Cir. 1998); *United States v. Rafferty,* 911 F.2d 227, (9th Cir. 1990).

## SUMMARY AND CONCLUSIONS

It is respectfully submitted that, in following the Supreme Court's *Booker/Fanfan* directive to fashion a reasonable sentence in light of the § 3553(a) factors and "[A] court's duty is always to sentence the defendant as he stands before the court on the day of sentencing"). *United State*s v. *Bryson*, 229 F. 3d 425, 426 (2d Cir. 2000). Your Honor will follow the U.S. Probation Department's sentencing recommendation, and impose a 24 months period of incarceration, a sentence sufficient, but not greater than necessary to comply with the statutory objectives and which comports with the ends of justice. *Dean* v. *United States*, 581 U.S. 62, 67 (2017)

AND, that your sentence run concurrently with the 84 months sentence imposed by Judge Kness in Chicago.

*May 23, 2023*
*United States v. KADEEM DEAN*
*21 Cr. 09 (GBD)*


I also note that Judge Kness made a recommendation that the Bureau of Prisons place Mr. Dean at FCI Fort Dix, FCI Danbury or as close to New Jersey as possible. We respectfully ask that Your Honor do the same.


Very truly yours,

/S/

Robert M. Beecher

Attorney for KADEEM DEAN

cc. Assistant United States Attorney Sarah Kushner

by email PDF format Sarah.Kushner@usdoj.gov